UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


TIMOTHY WILSON,

   Petitioner,

vs.            Case No. 3:05-cv-483-J-99MMH

JAMES V. CROSBY, JR.,
etc.; et al.,

   Respondents.
_____

### ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on May 24, 2005.[1] He challenges a 1999 state court (Duval County) conviction. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of

---

[1] The Court will give Petitioner the benefit of the mailbox rule in calculating the one-year limitation period in this case.

> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this new subsection. See Motion to Dismiss (Doc. #9), filed August 15, 2005.

On April 6, 2000, Petitioner's judgment of conviction was affirmed on direct appeal. See Ex.[2] H. Petitioner filed a motion

---

[2] The Court hereinafter refers to the exhibits appended to the Index to Exhibits (Doc. #10) and Response to Order (Doc. #13) as "Ex."

for rehearing, which was denied on May 18, 2000. Ex. I; Ex. J. Thus, Petitioner's conviction became final on August 16, 2000 (ninety days after the denial of rehearing) and his one-year limitation period began to run on August 17, 2000. See Supreme Court Rule 13.3;[3] Clay v. United States, 537 U.S. 522 (2003).

On October 23, 2000, sixty-eight days after his conviction became final, Petitioner signed a petition for writ of habeas corpus, which was thereafter filed in the First District Court of Appeal. Ex. L at 1, 93. Petitioner then filed an amended petition, which was denied on January 11, 2001. Ex. M; Ex. N. Petitioner filed a motion for rehearing, which was denied on February 15, 2001. Ex. O; Ex. P.

Petitioner also signed a motion to correct his sentence on October 23, 2000, which was filed in the trial court on October 25, 2000. Ex. S. The trial court denied the motion on October 30, 2000. Ex. T. Petitioner filed a motion for rehearing, which was denied on November 21, 2000. Ex. U; Ex. V. Petitioner appealed, and on August 3, 2001, the First District Court of Appeal affirmed the trial court's decision. Ex. X. The mandate issued on August 29, 2001. Ex. Y.

On August 20, 2001, Petitioner signed, and subsequently filed a motion for post-conviction relief in the trial court. Ex. Z.

---

[3] Supreme Court Rule 13.3 states, in pertinent part, that the time to file a petition for a writ of certiorari "runs from the date of the denial of the petition for rehearing[.]"

Thereafter, on September 17, 2001, he signed and presumably mailed a supplement to the motion. Ex. AA. However, it appears that the trial court never received this supplement. Ex. NN at 2. On December 11, 2001, Petitioner filed an amended motion for post-conviction relief, in which he raised one additional ground. Ex. BB; Ex. NN at 1. On May 7, 2002, the trial court denied the motion (as amended on December 11, 2001). Ex. CC. On May 16, 2002, Petitioner signed a motion for rehearing, which was filed in the trial court on May 20, 2002. Ex. II. The trial court denied the motion on June 27, 2002. Ex. JJ.[4] Petitioner did not file a timely notice of appeal to seek review of the trial court's May 7, 2002, order and/or its June 27, 2002, order.

Well over one year later, on October 19, 2003, Petitioner signed and subsequently filed a petition for writ of mandamus in the First District Court of Appeal, requesting that the trial court be required to enter an order disposing of the claims Petitioner raised in his September 17, 2001, supplement to his motion for post-conviction relief. Ex. DD. The First District Court of Appeal required the state to file a response. Ex. MM. In its

---

[4] Petitioner sought further review of the trial court's May 7, 2002, order by submitting a July 11, 2002, "Motion for Rehearing Refiled" and a September 23, 2002, "Motion to Amend Defendant's Motion for Rehearing." Ex. KK; Ex. LL. The trial court never ruled on these motions. See Response to Order (Doc. #13) at 2. These motions did not serve to toll the limitation period because they were untimely, and therefore, not properly filed. See Fla. R. Crim. P.3.850(g) (requiring that a motion for rehearing of an order denying a motion for post-conviction relief be filed "within 15 days of the date of service of the order.").

response, the state noted that correspondence from the trial court's chambers and the trial court's docket sheet demonstrated that the supplement was never filed in the trial court; therefore, the trial court had ruled on all of the claims before it. Ex. NN. Accordingly, on January 21, 2004, the First District Court of Appeal entered an order requiring Petitioner to show cause why the petition for writ of mandamus should not be dismissed as moot. Ex. OO. Petitioner filed a response on February 2, 2004. Ex. PP. The First District Court of Appeal dismissed the petition for writ of mandamus as moot on March 11, 2004. Ex. EE. Petitioner filed a motion for rehearing and clarification, which was denied on May 21, 2004. Ex. FF.

On May 6, 2004, Petitioner filed a petition for a belated appeal, seeking leave to appeal the trial court's May 7, 2002, order denying his motion for post-conviction relief. Ex. GG. The First District Court of Appeal denied the petition on May 28, 2004. Ex. HH.

Normally, the time between the denial of a motion for post-conviction relief and the filing of a notice of appeal seeking review of that order is excluded from the one-year limitation period. See Carey v. Saffold, 536 U.S. 214, 220-21 (2002) (holding that a petitioner's claim is "pending" for the entire term of state court review, including those intervals between one state court's judgment and the filing of an appeal with a higher state court).

However, the Eleventh Circuit, in <u>Moore v. Crosby</u>, 321 F.3d 1377 (11th Cir. 2003), noted that cases where the notice of appeal is not timely filed must be treated differently. Specifically, the court stated the following:

> The question remains, however, what effect the granting of a motion for belated appeal from the denial of a timely state application would have on calculating how long that state application was pending under section 2244(d)(2). The few circuits to discuss the issue have found that an out-of-time appeal does not revive the time during which no state collateral petition was pending before the state court. See <u>Melancon v. Kaylo</u>, 259 F.3d 401, 407 (5th Cir. 2001) (holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision); <u>Gibson v. Klinger</u>, 232 F.3d 799, 804 (10th Cir. 2000) (concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court"); <u>Fernandez v. Sternes</u>, 227 F.3d 977, 981 (7th Cir. 2000) (holding that while a state process may be reviewed after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim").
>
> After reviewing these cases, we are particularly persuaded by the Fifth Circuit's analysis in <u>Melancon</u> and adopt its reasoning. The Fifth Circuit, in discussing whether the petitioner's federal petition was timely, found that, at the point when the state limitations period expired, the petitioner was not entitled to further appellate review and, therefore, he had no application "pending" in state court. The court also explained that a state court's subsequent decision to permit review may toll the time relating to the application, but it does not change the fact

> that the application was not pending prior to the filing of the application. Thus, the Fifth Circuit concluded that after the appeal period lapsed, an application ceased to be pending, but that a subsequent properly filed application entitled the petitioner to additional tolling beginning at the time of the proper filing.

Id. at 1380.

Here, the time for filing a timely notice of appeal of the trial court's May 7, 2002, order denying Petitioner's motion for post-conviction relief expired on July 27, 2002 (thirty days after the trial court's June 27, 2002, order denying Petitioner's motion for rehearing). Thus, the limitation period began to run on July 28, 2002, and continued to run for 448 days, until October 19, 2003, the date Petitioner signed (and then subsequently filed) his petition for writ of mandamus in the First District Court of Appeal.

Accordingly, neither the October 19, 2003, petition for writ of mandamus nor the May 6, 2004, petition for belated appeal tolled the federal one-year limitation period because it had already expired. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The Court has considered the arguments in support of Petitioner's contention that the one-year limitation period should not be imposed upon him, and found them to be unpersuasive.[5] See Reply to Motion to Dismiss (Doc. #11), filed August 26, 2005. Accordingly, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. This case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of September, 2005.

UNITED STATES DISTRICT JUDGE

ps 9/28
c:
Timothy Wilson
Assistant Attorney General Anne C. Conley

---

[5] In particular, the Court finds Petitioner's claims of actual innocence to be wholly unsupported and insufficient.

- 8 -